FILED - LN
September 29, 2008 1:28 PM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: /

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.

PEOPLEMARK, INC.,

    Defendant.
_____/

Case No.
Honorable

**1:08-cv-907
Robert J. Jonker
United States District Judge**

COMPLAINT

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Sherri Scott ("Scott") and similarly situated African Americans who were adversely affected by such practices. The Commission alleges that Defendant, Peoplemark, Inc., maintains a policy which denies the hiring or employment of any person with a criminal record. Such policy has had continues to have a disparate impact on African American applicants.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Peoplemark, Inc., (the "Employer") has been a Delaware limited liability corporation doing business in the State of Michigan, City of Grand Rapids, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Sherri Scott filed a Charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least May 2005, Defendant Employer has engaged in unlawful employment practices at all of its facilities in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). The Defendant's unlawful employment practices include maintaining a policy which prohibits the hiring of any person with a criminal record. Such policy has had and continues to have a disparate impact on African American applicants.

8. The effect of the practices complained of in paragraph 7, above, has been to deprive Scott and similarly situated African Americans of equal employment opportunities and otherwise adversely affect their status as applicants for employment.


## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying hire to job applicants solely on the basis of their criminal records.

B.   Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-American job applicants, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant Employer to make whole Sherri Scott and other similarly situated African Americans by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial.

D.   Grant such further relief as the Court deems necessary and proper in the public interest.

E.   Award the Commission its costs of this action.

Respectfully submitted,

Dated: September 29, 2008

LAURIE A. YOUNG
Regional Attorney

DEBORAH M. BARNO (P44525)
Supervisory Trial Attorney

*Omar Weaver*
OMAR WEAVER (P58861)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

DETROIT FIELD OFFICE
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
Telephone: (313) 226-3407
e-mail: omar.weaver@eeoc.gov