UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,                    Case No. 1:08-cv-907

v.                                        Robert J. Jonker
                                             United States District Judge

PEOPLEMARK, INC.,

        Defendant.

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Peoplemark, Inc., (Peoplemark) defendant herein hereby submits this Memorandum in Support of its Motion to Dismiss filed in this case.

### INTRODUCTION

On behalf of itself, Sherrie Scott and "similarly situated African Americans" the EEOC has sued Peoplemark in this action for allegedly having a policy that has an adverse impact on African Americans. Specifically, the EEOC's bare bones Complaint alleges in only two paragraphs the factual basis for its action:[1]

***

> 7. Since at least May 2005, Defendant Employer has engaged in unlawful employment practices at all of its facilities in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). The Defendant's unlawful employment practices include maintaining a policy which prohibits the hiring of any person with a criminal record. Such policy has had and continues to have a disparate impact on African American applicants.

---

[1] The other paragraphs of the Complaint include the "Nature of the Action" paragraph at the beginning of the Complaint, which has similar conclusions as in Paragraph 7; Paragraph 1 which sets forth the jurisdictional basis for the action; Paragraph 2 which establishes venue; Paragraph 3 and 4 which describe the parties; and Paragraph 5 which alleges a commerce requirement.

      8.    The effect of the practices complained of in paragraph 7, above, has been to deprive Scott and similarly situated African Americans of equal employment opportunities and otherwise adversely affect their status as applicants for employment.

***

Complaint, DE 1.

    Thus, the only factual allegation contained in the Complaint supporting its cause of action appears in Paragraph 7: "Since at least May, 2005, defendant…[has maintained] a policy which prohibits the hiring of any person with a criminal record."[2] All other statements contained in the Complaint are conclusory allegations. Importantly, the allegation contained in Paragraph 7 which states "such policy has had and continues to have a disparate impact on African American applicants…" and all of the allegations contained in Paragraph 8 are mere conclusions. No facts supporting these allegations are pled.

## **LEGAL STANDARD FOR COMPLAINT PLEADING: CONCLUSORY ALLEGATIONS ARE NOT ENOUGH**

    Under R. 8 (a)(2) *F.R.Civ.P.* a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In analyzing the sufficiency of the Complaint with respect to stating a claim upon which relief can be granted, the Court must be guided by the opinions of the United States Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and its most recent opinion *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009). Both decisions addressed the standard to be applied in evaluating the sufficiency of a Complaint with respect to stating a cognizable claim.

---

[2] Defendant has denied this allegation in its answer. *See* Answer, DE 2., Paragraph 7. This sole factual allegation in the Complaint does not meet the pleading requirements under *Twombly* and *Ashcroft, infra*. Additionally, the term "criminal record" is vague and ambiguous, and it is subject to many interpretations. Notwithstanding the ambiguity, a policy prohibiting the hiring of anyone with a "criminal record" in and of itself is not unlawful.

*Twombly* arose under anti-trust law, while *Ashcroft* was brought by a Muslim citizen of Pakistani descent, claiming that following his arrest in the wake of the terrorist attacks of September 11, 2001, pursuant to an unconstitutional policy allegedly adopted by the defendants, he was subjected to "…harsh conditions of confinement on account of his race, religion or national origin." *Ashcroft,* 129 S. Ct. at 1942. Despite substantially disparate claims in *Twombly* and *Ashcroft*, the Supreme Court in *Ashcroft* held that *Twombly* "governs the pleading standard 'in all civil actions and proceedings in the United States district courts.'" *Ashcroft,* 129 S. Ct. at 1953. Specifically, it applies to discrimination suits. Id. Accordingly, the pleading standards set forth in *Twombly* and *Ashcroft* clearly apply here.

Under *Twombly*, a Complaint is required to allege enough facts to state a claim that is plausible on its face. The standard therefore is not "conceivable" nor "possible" but "plausible." *Twombly*, 550 U.S. at 557-558, 570. Threadbare recitals of the elements of a cause of action supported by conclusory statements will not meet the requisite pleading standards. *Id.* at 555; *Ashcroft*, 129 S. Ct. at 1948. In this case it is the EEOC's obligation to provide more than labels and conclusions, an obligation which it has failed to meet. A formulaic recitation of the elements of a cause of action will not do. *Id.* at 554-5. Courts are not bound to accept as true, legal conclusions couched as factual allegations. Accordingly, allegations must be enough to raise the right to relief above the speculative level and allegations must state more than a suspicion of a legally cognizable action. *Id.* at 555. Moreover, deficiencies in pleadings should be exposed at the point of minimum expenditures of time and money by the parties and the court. *Id.* at 557. The court must retain power to insist upon some specificity in pleading before allowing potentially costly factual discovery to proceed. *Id.* at 559.

In *Ashcroft*, Petitioners moved to dismiss the Complaint for failure to assert sufficient allegations to state a claim. The District Court denied the Motion, as did the Court of Appeals for the Second Circuit on appeal. The Supreme Court reversed, and in doing so, emphasized the necessity of a Complaint requiring "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft,* 129 S. Ct. 1949. Citing *Twombly*, the *Ashcroft* Court noted that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft,* 129 S. Ct. at 1949. At the same time, it noted that "the plausibility standard is not akin to a `probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully," citing *Twombly*. *Ashcroft,* 129 S. Ct. at 1949. The Court further noted that where a Complaint pleads facts that are merely consistent with a defendant's liability, "it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft,* 129 S. Ct. at 1949. That is what led to dismissal in both *Twombly* and *Ashcroft*, and should lead to the dismissal of the EEOC's claim against Peoplemark.

## **ARGUMENT**

In Paragraph 7 of the Complaint the EEOC attempts to allege liability; in Paragraph 8 it attempts to allege causation and damages. In both paragraphs the allegations are conclusory statements. How the alleged policy of Peoplemark "has and continues to have a disparate impact on African American applicants" is of critical importance. The EEOC in its Complaint gives no

4

factual basis for this assertion.[3]  The Complaint is devoid of any factual basis, statistical or otherwise, that supports the EEOC's position that an adverse impact has likely occurred.

In Paragraph 7 the EEOC has merely made a bare assertion, much like the pleading of the conspiracy in *Twombly,* which amounts "…to nothing more than a 'formulaic recitation' of the elements of a…claim." *Ashcroft*, 129 S. Ct., at 1951; *Twombly*, 550 U.S., at 555.  It is nothing more than a "naked assertion" devoid of "further factual enhancement."  *Ashcroft,* 129 S. Ct., at 1949; *Twombly*, 550 U.S. at 557.  To survive this motion to dismiss, the EEOC's "Complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft*, 129 S. Ct., at 1949; *Twombly*, at 570.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that Peoplemark has acted unlawfully. *Id.*  The conclusory statement that defendant's policy had an adverse impact on African American applicants does not even come close to meeting these standards.  This allegation is not entitled to be assumed true.  *Ashcroft*, 129 S. Ct., at 1950; *Twombly*, 550 U. S. at 554 – 555.  It is the conclusory nature that of the EEOC's allegation that disentitles it to the presumption of truth.  *Ashcroft*, 129 S. Ct., at 1951.

The conclusory allegations contained in Paragraph 8 of the Complaint likewise fail to meet the pleading requirements of *Twombly* and *Ashcroft.*  No factual allegations are made to show how it would be plausible that Scott and similarly situated African Americans were deprived of equal employment opportunities and otherwise "adversely affect their status as

---

[3] In an adverse impact case the plaintiff has the initial burden of proving that the policy or practice complained of has a significantly disproportionate exclusionary  impact on the protected class.  It is not sufficient for the plaintiff to raise an inference of discrimination.  42 USC § 2000 e - 2 (k)(1) (A)(i)(2000).  The adverse impact must be actual and not merely hypothetical.  Typically, a plaintiff seeks to meet this burden by introducing statistical proof.

applicants for employment."[4]  Complaint, Paragraph 8.  For the same reasons as outlined above this conclusory allegation also fails the pleading requirements of *Twombly* and *Ashcroft.*

## CONCLUSION

In the case at bar the EEOC has merely alleged a possibility that Peoplemark has acted unlawfully.  Because the EEOC's Complaint does not meet the pleading requirements in Rule 8 (a)(2) *F.R.Civ.P.*  as interpreted by the Supreme Court in *Twombly* and *Ashcroft,* the Complaint should be dismissed.

Respectfully submitted,

s/Edward R. Young
Edward R. Young
Tennessee Bar No. 008373
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
First Tennessee Building
165 Madison Avenue, Suite 2000
Memphis, TN  38103
901-577-2341
eyoung@bakerdonelson.com

---

[4] For example, it is not even alleged that Scott applied for a position, had a criminal record, or that she was denied employment on that basis under defendant's alleged policy, assuming hypothetically these facts are even true.

MEMPDOCS 1969873 v1

CERTIFICATE OF SERVICE

 The undersigned certifies that on July 6, 2009, the foregoing Memorandum in Support of Motion to Dismiss was served on the parties listed below via Electronic filing:

| | |
|---|---|
| Laurie A. Young<br>Regional Attorney<br>Laurie.young@eeoc.gov | Deborah M. Barno (P44525)<br>Supervisory Trial Attorney<br>Deborah.barno@eeoc.gov |

Omar Weaver (P58861)
Trial Attorney
Omar.weaver@eeoc.gov

Dale Price
dale.price@eeoc.gov


Equal Employment Opportunity
Commission
Detroit Field Office
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
313-226-3407

               s/Edward R. Young