UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,              Case No. 1:08-cv-907

v.                                        Robert J. Jonker
                                            United States District Judge

PEOPLEMARK, INC.,

                Defendant.
_____/

Laurie A. Young
Deborah M. Barno (P44525)
Omar Weaver (P58861)
Equal Employment Opportunity Commission
Detroit Field Office
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan  48226
313-226-3407
Omar.weaver@eeoc.gov


Edward R. Young (TN 008373
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Attorney for Defendant
165 Madison Avenue, Suite 2000
Memphis, TN  38103
901-577-2341
eyoung@bakerdonelson.com

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME**

INTRODUCTION

Defendant Peoplemark, Inc., hereby files its opposition to the EEOC's Motion to Modify the Case Management Order (hereinafter "Motion").

Defendant respectfully opposes the EEOC's motion to modify the case management order on the grounds that (1) the EEOC has caused unreasonable delay in discovery, has been sanctioned by the court for failing to comply with the rules of procedure, has improperly contacted the Court's case manager, and has not followed the rules and orders of the court in the discovery process, thereby substantially increasing the cost of litigation; and (2) the EEOC's request to modify the case management order is unreasonable because it had no factual basis for bringing this lawsuit even after reviewing thousands of pages of documents over several years and after issuing a Determination, and thus any delay by extending the deadlines will prejudice defendant and will increase tremendously its expenses and potential liability.

In view of the accusatory nature of the EEOC's motion and memorandum, defendant wants to set the record straight on just what has occurred in this case thus far.  As demonstrated below, if the EEOC had followed the rules of procedure and orders of this court this case would likely be on track and its motion for an extension would be unnecessary.

Alternatively, should the court be inclined to extend the deadlines of the case management order, defendant requests a shorter extension so that the July 16, 2010 trial date will not be disturbed.  Also, Peoplemark believes that this case should be mediated, sooner rather than later, and therefore requests that the September 15, 2009 deadline for mediation to occur be preserved. (See DE 18)  Finally, defendant refers the Court to the Declaration of Edward Young in response to the Declaration of Omar Weaver.

**I.     THE EEOC HAS BEEN GUILTY OF DISCOVERY ABUSES; IT HAS FAILED TO FOLLOW THE RULES OF PROCEDURE AND THE**

1

**ORDERS OF THE COURT; AND IT HAS CAUSED SIGNIFICANT DELAY IN THIS CASE.**

    a.    <u>Defendant's Discovery Requests to the EEOC</u>

In its Motion, the EEOC blames the defendant and defense counsel for its problems of failing to timely obtain an expert. The EEOC "doth protest too much." Such is the case here. The following will demonstrate that the EEOC has been guilty of discovery abuses in this case and caused unreasonable delay. Now it seeks to extend all remaining deadlines in the Case Management Order. If granted, defendant suspects that the EEOC's conduct will continue and it will continue to commit discovery abuses at the expense of defendant.

On September 29, 2008 the EEOC filed its complaint against Peoplemark under Title VII of the Civil Rights Act of 1964 alleging that Peoplemark engaged in unlawful employment practices on the basis of race by failing to hire "…any person with a criminal record. Such policy has and continues to have a disparate impact on African American applicants." (See DE 1, Complaint, Paragraph 7) The complaint also alleged that the effect of these practices "…has been to deprive Scott and similarly situated African Americans of equal employment opportunities and otherwise adversely affected their status as applicants for employment." In the EEOC's initial disclosures served on Peoplemark on January 30, 2009, it only identified Sherrie Scott, the charging party, as the sole individual likely to have discoverable information. Exhibit 1. Because of the discrepancy in the class of alleged discriminatees in the EEOC's initial disclosures, on February 4, 2009 Peoplemark propounded a single interrogatory asking the EEOC to identify every individual, based upon the EEOC's investigation, who had been discriminated against by the alleged employment practice, which is the subject of the lawsuit. Exhibit 2. On March 5, 2009 the EEOC filed its answer to defendant's single interrogatory. Exhibit 3. The answer did not identify any victim of the alleged discrimination other than Sherrie

Scott of whom Peoplemark was already aware. The EEOC's answer was completely non-responsive to Peoplemark's interrogatory. The EEOC had thoroughly investigated Scott's charge against Peoplemark, and had received thousands of pages of documents providing the identity of applicants who sought work with Peoplemark who were either hired or rejected. After numerous attempts to have the plaintiff supplement its answer, the EEOC flatly refused to provide further information regarding Peoplemark's single interrogatory. Because of the EEOC's position Peoplemark was prejudiced in its ability to prepare for its defense. Thus, on March 20, 2009 it filed a motion to compel a response to its interrogatory (and the EEOC's initial disclosures). DE 22. The EEOC duly responded to this motion and after a hearing before United States Magistrate Judge Brenneman on April 21, 2009, the court entered an order on April 21, 2009 granting Peoplemark's Motion to Compel. The order stated in part as follows:

> Plaintiff shall *fully* comply with its obligation under Rule 26(a)(1) and to defendant's first interrogatory not later than May 1, 2009 by furnishing names, contact information, and such other information as may be required by the Rule and/or the interrogatory concerning all persons it believes may be members of the Class, and shall periodically supplement this information from time to time pursuant to the rules. Rule 26(e).

Order Granting Motion to Compel, DE 33. (Italics added) The order further awarded Peoplemark sanctions by allowing it to recover its reasonable expenses, including attorney's fees.[1] The EEOC did not appeal the court's order.

On May 1, 2009 Peoplemark received from the EEOC the "EEOC's First Supplemental Answers to Defendant's First Set of Interrogatories" (and its supplement to Rule 26 (a)(1)). Exhibit 4. The interrogatory supplementation did list numerous additional names and addresses

---

[1] The parties reached an agreement as to the monetary amount of the sanctions. However, the EEOC has not yet paid this amount to Peoplemark.

3

of persons. However, the interrogatory answer was not verified or answered under oath, and it was not signed by the person making them as required by Rule 33 *F.R.Civ.P.* (See Exhibit 4) On May 4, 2009 the parties held a local rule conference to discuss discovery issues. During that conference the attorney for the EEOC was asked about the unverified or unsworn answers to Peoplemark's interrogatory. The attorney for the EEOC advised that this information had been mailed to Peoplemark's attorney. After waiting and not having received the verified answers to Peoplemark's interrogatory, counsel for Peoplemark emailed the lead attorney for the EEOC on May 21, 2009 stating:

> In that regard, I have never received the verification on the EEOC's answers to Peoplemark's first set of interrogatories. Please supply that verification immediately.

(See Exhibit 5). There was no response made to this email request.

On June 4, 2009 another local rule conference was held with plaintiff's counsel concerning plaintiff's unverified answers. This time plaintiff's counsel again promised to send the verified answers to defendant's first interrogatory. On June 5, 2009 plaintiff mailed Plaintiff's Second Supplemental Answer to Defendant's First Set of Interrogatories. Concerning the purported verification these supplemental answers contained the following:

> The undersigned, being first duly sworn on oath, deposes and says that the undersigned is a Trial Attorney for the Plaintiff Equal Employment Opportunity Commission; that he has read the *EEOC's Supplemental Responses to Defendant's First Set of Interrogatories;* that the foregoing responses, all of which were previously served, are true and correct to the best of his knowledge, based on the information made available to the Equal Employment Commission.

See Exhibit 6.

It was not verified under oath; there was no notary; and it was not made under penalty of perjury under 28 U.S.C. § 1746. In other words, <u>these answers were still not sworn</u> and thus

4

cannot be relied on by defendant. It is now obvious that the EEOC knew how to make a proper oath when one views the Declaration of Omar Weaver made in support of the EEOC's Motion to Modify Case Management Order. See DE 39 and Exhibit 7. Unlike the answer to the interrogatory, this verification is properly done. Yet, for some reason the EEOC has chosen to make a spurious oath when it was repeatedly called upon to verify its answer to defendant's first interrogatory. The EEOC now has served 3 separate answers to defendant's single interrogatory and none of them comply with Rule 33. Two of them do not comply with the magistrate judge's order. This gamesmanship will now cause defendant to spend even more money to insure that the answer complies with Rule 33 *F.R.Civ.P.*

      b.      <u>The EEOC's Discovery Requests to Defendant</u>

The "senseless discovery dispute" referred to in the EEOC's motion was caused by it.

On March 4, 2009 the EEOC served defendant with 15 interrogatories and 8 requests for production of documents. Because the 15 interrogatories had numerous subparts, they in fact constituted 70 interrogatories when counting the subparts. Relying on the Case Management Order (DE 14), which limited the number of interrogatories to 25 including subparts, Rule 33 *F.R.Civ.P.*, and *Nolan v.TDC International Corp.*, 2007 U. S. Dist. Lexis 84406 (E.D. Mich. Nov. 15, 2007), defendant answered the first 25 interrogatories counting subparts. Subsequently, after a local rule conference and other communications, in an effort to compromise, defendant answered an additional 25 interrogatories for a total of 50. See Exhibit 8.

The EEOC's document requests were totally dependent on defendant's answers to its interrogatories, except for Requests Nos. 3, 4 and 5 for which defendant had fully and timely served responses.[2] In the meantime, unknown to defendant, the attorney for the EEOC had an ex

---

[2] See Defendant Peoplemark's Supplemental Response to Plaintiff Equal Employment Opportunity Commission's

parte communication with the court's case manager about how this court would count interrogatories. The EEOC then improperly represented to defendant that the advise of the court's case manager, allegedly agreeing with plaintiff's position, constituted the court's judgment on the subparts issue. This put defendant in an awkward position. For the additional reasons of wanting to avoid the expense of a motion to compel and to minimize the court's involvement in discovery disputes, defense counsel agreed with the EEOC as follows:

> In an effort to keep the litigation moving forward and to constrain the cost of litigation, Peoplemark will accept your proposal and respond to the remaining interrogatories within 10 calendar days. By doing so, Peoplemark does not agree with your position on the number of interrogatories that have been propounded. Thus, by agreeing to your proposal Peoplemark is by no means waiving its position, not now or in the future, that the number of interrogatories propounded to the EEOC to date far exceeds the number allowed by the court and the case management order or by FRCP 33.
>
> As to your implication that Peoplemark has obstructed and delayed the EEOC's discovery, the implication is categorically denied. Peoplemark has made several proposals to resolve this issue, including answering an additional 25 interrogatories, in addition to the original 25 answers. As to delays, please remember that the EEOC's initial disclosures were 3 months late and the EEOC's answers to Peoplemark's sole interrogatory was almost 2 months late.

See Exhibit 9.

  The day after this agreement was reached and in violation of it, the EEOC filed a motion to compel anyway. DE 36. The motion addressed responses to the requests that were dependant on interrogatory answers that were subject to the agreement reached. Defendant immediately wrote the EEOC's counsel a letter requesting that the EEOC withdraw its motion to compel because it was utterly without merit and filed in bad faith for two reasons. See Exhibit 10. First,

---

Request for Production of Documents which is attached to the EEOC's motion.

it breached the agreement reached and the motion amounted to vexatious litigation unnecessarily increasing the cost of litigation. Since the remaining interrogatories were now to be answered and the documents request responses were dependent upon the interrogatory answers, the motion to compel could not have merit. Secondly, in its Memorandum of Law in Support of Motion to Compel, the EEOC argued that defendant agreed to its proposal on answering the remaining interrogatories because of the "court's policy on subparts." DE 36 at pp. 2-3. The contact with the case manager when used as the EEOC did (attempting to pressure defendant and thereafter making the argument in the memorandum) amounted to an improper ex parte communication with the court. Defendant strenuously objected to this procedure. (See Exhibit 10) The EEOC withdrew its motion to compel. DE 38. The EEOC's self serving version as stated in their motion of why it did so is not supported by the facts.

Thus, it is seen that the EEOC failed to completely answer defendant's Interrogatory l; has been ordered to fully do so; has been sanctioned for its failure; has violated the court's order by not timely serving a verified answer; has ignored the court's Case Management Order and Rule 33 by serving more than 25 interrogatories without court permission; has blamed defendant for answering only the first 25 interrogatories; has engaged in ex parte communication with the judge's office in an attempt to convince defendant as to how the court would rule on the number of interrogatories; and has breached a discovery agreement by filing, in bad faith, a frivolous motion to compel. The delay and expense caused by the EEOC's conduct has been significant.

## II. THE EEOC'S REQUEST TO MODIFY THE CASE MANAGEMENT ORDER IS UNREASONABLE

Defendant received notice of Sherri Scott's charge of discrimination on May 13, 2005. The EEOC investigated the allegations contained in the charge over the next 2 ½ years. The EEOC was exceedingly aggressive and it served defendant with two subpoenas for records, all of

7

which were supplied from all of defendant's offices. Indeed, it had the opportunity to gather every record from defendant that it needed. On September 6, 2007 the EEOC issued a Determination in which it found that "[t]here exists *sufficient credible evidence* to support a cause finding that Charging Party's rights were violated in that Respondent's neutral hiring policy has an adverse impact against African Americans and other minorities in violation of Title VII of the Civil Rights Act of 1964, as amended." (italics added)[3] During the conciliation process Peoplemark tried to obtain from the EEOC statistical evidence to support its claim of "sufficient credible evidence." Exhibit 11. The EEOC refused to produce this vital information, thus Peoplemark was unable to evaluate the case.

Conciliation failed on January 18, 2008 but the EEOC waited until September 29, 2008 to file its Complaint. Thus, it had 9 more months to analyze its data, consult with its experts, and otherwise shore up its claim. In all the EEOC has had over 4 years to make its case against Peoplemark and now it wants another year to do what it should have already done.

In this litigation Peoplemark propounded two additional interrogatories to the EEOC. The first concerned what statistical evidence and information that the EEOC had that demonstrated that defendant's policy had an adverse impact on African Americans at the time it filed the lawsuit. The second requested similar evidence that the EEOC has to support its cause of action. (Exhibit 12)[4] The EEOC has recently objected to these interrogatories and did not answer them.[5]

---

[3] The Sixth Circuit has found that determinations are not admissible in trials. *EEOC v. Ford Motor Co.*, 98 F. 3d 1341 (6th Cir. 1996). Because the Determination contains factual statements and since this case is a non jury trial, the determination is not made an exhibit to this memorandum.

[4] These interrogatories are Interrogatories Numbers 8 and 9 of Defendant's Second Set of Interrogatories to Plaintiff.

[5] The objections included various grounds such as the deliberative process privilege, the attorney client privilege, the work product doctrine, and a claim that the interrogatory was premature since discovery is ongoing. Defendant has

In an adverse impact case the EEOC has the initial burden of proving that Peoplemark's policy has a significantly disproportionate exclusionary impact on African Americans. 42 USC § 2000e–2(k)(1)(A)(i)(2000). It is not sufficient for the EEOC to raise an inference of discrimination. The adverse impact must be actual and not merely hypothetical. Normally, the EEOC will attempt to meet this burden with statistical evidence.

Without statistical evidence of adverse impact the EEOC has no case. The EEOC has claimed that it has "sufficient credible evidence" of adverse impact; it has filed its lawsuit, subject to Rule 11 *F.R.Civ.P.* claiming adverse impact. Defendant has requested that the EEOC produce this evidence, but it has steadfastly refused to do so.

Recently in a conversation with the EEOC's attorney, defense counsel has learned that the EEOC presently does not even have an expert consultant and that this fact apparently is the reason it has asked for a modification of the case management order. This statement by the EEOC's counsel tends to prove that it had no factual basis for bringing this action. Statistical evidence normally can only be proven by an expert witness. Without an expert or statistical evidence it had no factual basis for filing this action. This explains why the EEOC alleged no facts in its complaint to demonstrate adverse impact.

This case is proving to be enormously expensive to defendant. The EEOC had no specific statistical proof of adverse impact at the determination stage of the administrative proceeding or upon filing the complaint. Clearly, it expects to shore up its case by obtaining extensive discovery of documents, which it should have obtained during the administrative process, but did not, and by searching for an expert who will support its position. In addition to having the expert deadlines extended, it seeks to extend the discovery cutoff deadline until June

---

told Mr. Weaver that it wants to have a Local Rule 7.1 conference to discuss this failure.

30, 2010. If its motion is granted, the current trial date of July 16, 2010 will also have to be moved. This Court should be critical of this strategy.

The EEOC is counting on the discovery process to reveal relevant evidence to support its cause of action. Given its apparent lack of a factual basis to support its claim, the lengthy time the EEOC had to develop its case administratively, and its complaint, the court should deny the EEOC's motion. The Court should also deny the EEOC's motion because if it were granted, defendant's litigation costs would substantially increase due to the EEOC's apparent strategy of pressuring defendant through extensive discovery and potential increasing liability.

### III     CONCLUSION

The court should deny the EEOC's Motion to Modify Case Management Order. Should the court deem the Commission's position to be worthy, the extension requested is entirely unreasonable. To avoid abuse of the discovery process by the EEOC, a rational concern of defendant in view of the fact that this matter is already over 4 years old, should the court grant any extension, it should be as short as possible, but the mediation deadline should be maintained. In addition, defendant should be awarded its costs in responding to the EEOC's motion.

Respectfully submitted,

s/Edward R. Young
Edward R. Young (TN Bar No. 008373)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, TN 38103
eyoung@bakerdonelson.com
901-577-2341