UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                         Plaintiff,               Case No. 1:08-cv-907

v.                                       Robert J. Jonker
                                          United States District Judge

PEOPLEMARK, INC.,

                         Defendant.

_____/

Laurie A. Young
Deborah M. Barno (P44525)
Omar Weaver (P58861)
Equal Employment Opportunity Commission
Detroit Field Office
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
313-226-3407
Omar.weaver@eeoc.gov


Edward R. Young (TN 008373
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Attorney for Defendant
165 Madison Avenue, Suite 2000
Memphis, TN 38103
901-577-2341
eyoung@bakerdonelson.com


_____/


**PEOPLEMARK INC.'S RESPONSE IN OPPOSITION TO APPEAL AND OBJECTIONS
TO THE MAGISTRATE JUDGE'S FEBRUARY 26, 2010 ORDER GRANTING
DEFENDANT'S MOTION TO COMPEL DISCOVERY**

I.    **RELEVANT FACTS AND INTRODUCTION**

This is a an alleged disparate impact case brought by the EEOC on September 29, 2008, under Title VII of the Civil Rights Act of 1964.  On May 6, 2009, Peoplemark propounded its Second Set of Interrogatories and First Request for Production of Documents and Things upon the EEOC.  [D.E. 52, Motion to Compel at Exhibits 1 and 2 respectively].  On June 11, 2009, the EEOC served deficient responses, in that they failed to fully and completely respond to the interrogatories and documents requests related to the statistical information and analysis the EEOC relied upon in filing its Complaint.  [*See* D.E. 52 and Exhibits attached thereto].  The purported basis for withholding this information was that it was protected from disclosure pursuant to the "governmental deliberative process privilege, attorney-client privilege, and/or work product doctrine."  [*See e.g.*, EEOC's Response to Interrogatory No. 8 (D.E. 52 at Exhibit 3) and Request for Production Nos. 17, and 23 (D.E. 52 at Exhibit 4)].  However, upon reviewing the EEOC's first privilege log, it was apparent that none of the statistical data, analyses, tables, or spreadsheets requested in Requests for Production Nos. 17 and 23 were described in any of the documents withheld from production.  [D.E. 77 at Exhibit A].

Consequently, on August 20, 2009, Peoplemark was forced to file a Motion to Compel full and complete responses to its discovery.  [*See* D.E. 52].  The EEOC filed its response on September 3, 2009.  [*See* D.E. 59].

Concurrent with its response, the EEOC filed the Declaration of Stuart J. Ishimaru ("Ishimaru"), the Acting Chairman of the EEOC, in which he invoked the government deliberative process privilege with respect to its response to Interrogatory No. 8 and the documents described in a revised privilege log attached to the Declaration.  [*See* D.E. 59-2 at ¶ 2].  The revised second privilege log included descriptions of documents that contained the

1

statistical data requested in Defendant's interrogatories and documents requests, but were not listed in the first privilege log. [D.E. 77 at Exhibit B].

A hearing on the Motion to Compel occurred on September 18, 2009. On September 28, 2009, the EEOC submitted a third privilege log, along with a second declaration from Mr. Ishimaru, pursuant to the Magistrate Judge's request, so the Court could inspect (*in camera*), the documents withheld on the basis of the government deliberative, attorney-client, and work product privileges. [D.E. 77 at Exhibit C]. The third privilege log provided to the Court combined the documents listed in the first and second privilege logs, and Mr. Ishimaru's second Declaration invoked the deliberative process privilege for "the remaining documents to which that privilege applies" and "for the documents described in Exhibit A" to the Declaration. [D.E. 77 at Exhibit C]. The EEOC filed a *fourth* privilege log on October 26, 2009, which provided more specific explanations as to the privileges it was raising. [D.E. 83].

The Magistrate Judge issued his ruling granting Peoplemark's Motion to Compel on February 26, 2010, ordering the EEOC to produce all non-privileged statistical data and information that Peoplemark had requested in its discovery requests. [*See* D.E. 114 at 16]. Specifically, the Court ordered the EEOC to provide all non-privileged information requested in Interrogatory No. 8. [*Id.*] The Court further implicitly ordered the EEOC to provide all non-privileged information sought in Request for Production Nos. 17 and 23, requiring it to turn over a series of spreadsheets containing statistical data (the "Spreadsheets") and a memorandum dated September 11, 2006 (the "9/11/06 Memorandum"). Furthermore, the Magistrate Judge awarded Peoplemark its reasonable attorney's fees and costs. [*Id.*][1]

---

[1] In its Motion to Compel, Peoplemark argued in part that the EEOC had waived its objections to Peoplemark's Interrogatories and Requests for Production of Documents because they were not properly sworn or signed by an individual in his or her capacity as the attorney for the EEOC in a timely manner. [D.E. 52, at 8]. Moreover, after

## II.    ARGUMENT AND AUTHORITIES

### A. *Standard of Review*

The EEOC faces a steep burden. To prevail with its objections, it must demonstrate that the Magistrate Judge's decision "is clearly erroneous or is contrary to law." *See* Fed. R. Civ. P. 72(a). This is a necessarily deferential standard. A factual finding may only be overturned when, although evidence supports the conclusion, the court "is left with a firm conviction that a mistake has been committed." *Marr v. Foy*, 2010 WL 489535, at *3 (W.D. Mich. Feb. 4, 2010) (internal citations omitted) (attached as Ex. A). The Sixth Circuit has held that the test is:

> not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one.

*Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir.1985). Similarly, a legal conclusion is contrary to law only "when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Marr*, 2010 WL at *3 (internal citations omitted). EEOC does not and cannot meet its high burden with respect to the Magistrate Judge's ruling. As such, the Order should be sustained.

### B. *The Magistrate Judge's Finding that the Evidence Does Not Support the Deliberative Process Privilege as to the Spreadsheets and the 9/11/06 Memorandum was Reasonable.*

As described by the Sixth Circuit, to qualify for protection under the deliberative process privilege, a document must meet two requirements: (1) the document must be "predecisional" – it must have been "received by the decisionmaker on the subject of the decision prior to the time

---

the EEOC served Mr. Ishimaru's first declaration and its second privilege log, Peoplemark argued that the EEOC had failed to preserve the deliberative process privilege because it had not initially been invoked by Mr. Ishimaru on a timely basis. [D.E. 77, at 6]. The Magistrate Judge did not address these arguments in its Order. Peoplemark incorporates these arguments in this Response as alternative bases to affirm the Magistrate Judge's Order on the grounds that all of the EEOC's objections were waived.

3

the decision is made"; and (2) the document must be "deliberative," meaning the document was "the result of a consultative process." *Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 550 (6th Cir. 2001) (internal citations omitted). When a government agency asserts the deliberative process privilege, the agency carries the burden of demonstrating the requested documents are both predecisional and deliberate. *Van Aire Skyport Corp v. FAA.*, 733 F. Supp. 316, 321 (D. Colo. 1990).

With respect to the Spreadsheets and the 9/11/06 Memorandum, the only evidence offered by the EEOC in an attempt to meet its burden was the self-serving Declaration of Mr. Ishimaru. The Magistrate Judge simply, and correctly,[2] determined that Mr. Ishimaru's declaration alone did not satisfy the EEOC's burden of factually demonstrating that the documents were predecisional and deliberative. As to the Spreadsheets, the Magistrate held that:

> While Mr. Ishimaru stated in his First Declaration he had personally reviewed these documents (they were listed as items 4, 5 and 6 in Exhibit B to his Declaration, which was Privilege Log. No. 2), there has been no claim that he did so prior to the decision by the Commissioners to file this lawsuit, which decision was made sometime prior to September 29, 2008. Nor is there any reason to believe these documents were received by the decision-makers by the time they decided to file the lawsuit. The spreadsheets were not attached to either the Transmittal nor Presentation Memorandums and there is no other evidence before the court to indicate these worksheets ever reached the Commissioners at all.

[D.E. 114, Order, at 10-11]. Thus, because the EEOC failed to present evidence demonstrating the Spreadsheets fall under the deliberative process privilege, the Magistrate held: "The EEOC has not met its burden in this regard." [D.E. 114, Order, at 11].

Likewise, the EEOC failed to present sufficient evidence supporting its claim that the 9/11/06 Memorandum was protected by the deliberative process privilege. In addition to the fact

---

[2] The difficulty with responding to Plaintiff's objections to the Magistrate Judge's ruling is the fact that Peoplemark has not had an opportunity to review the documents at issue. As such, Peoplemark is left to rely on the description of the documents and legal analysis as set forth by the Magistrate Judge is his opinion. Peoplemark assumes without reservation that the Judge's description of the record is accurate.

4

that there was no evidence that Mr. Ishimaru ever saw the memorandum, much less that he saw it prior to the EEOC deliberation process, the Magistrate found as follows: "The EEOC provides no evidence that this memorandum ever reached the decision-makers or was considered by them nearly two years later on the ultimate issue of whether to file the lawsuit, nor is there any reason to believe it would have been." [D.E. 114, Order at 12 (internal footnote omitted)].

Thus, after considering the record, including Mr. Ishimaru's Declaration, the Magistrate Judge determined that there were insufficient facts supporting the EEOC's position that the documents were used in a predecisional and deliberative manner. Because the Magistrate Judge's conclusion was reasonable based upon the record before him, the EEOC has not met its burden of demonstrating that the ruling should be overturned. *See Heights Community Congress*, 774 F.2d at 140 (noting "the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one").

## C.  *The Magistrate Judge's Award of Attorney's Fees was Appropriate*

Federal Rule of Civil Procedure 37(a)(5) mandates the party whose conduct necessitated a motion to compel to pay the prevailing moving party's reasonable expenses unless, among other things, the non-moving party's conduct was substantially justified. The record in this case demonstrates not only that Peoplemark prevailed, in that its Motion to Compel *was granted in full*, but also that the EEOC was not substantially justified in withholding the information and documentation it was ordered to produce. Therefore, the Magistrate Judge's award of attorney's fees was appropriate.

### 1)  *Peoplemark Prevailed on its Motion to Compel*

Peoplemark filed its Motion to Compel seeking full and complete responses to Interrogatory No. 8 and Requests for Production Nos. 17 and 23 of its Second Set of

Interrogatories and First Request for Production of Documents and Things. [D.E. 52, at 2, 5]. As set forth in the Motion to Compel, Peoplemark's requests were primarily tailored to acquire statistical information and data supporting the EEOC's disparate impact claim. [D.E. 52, at 2-3, 6-7]. Among other things, the EEOC objected to these requests "to the extent that [they] seek[] information and documents that are protected by the governmental deliberative process privilege . . . ." [D.E. 52, at 3 n. 3; 6-7 n.7].

Ultimately, this is precisely the information and documentation that the Magistrate Judge ordered the EEOC to produce on the grounds that it was not protected by the deliberative process privilege or any other privilege. First, the Magistrate Judge unequivocally ordered that the EEOC respond to Interrogatory No. 8 by providing any responsive, non-privileged information. [D.E. 114, at 14-16]. Second, the Judge ordered the EEOC to produce the Spreadsheets and the 9/11/06 Memorandum, presumably in response to Request for Production Nos. 17 and 23. [D.E. 114 at 10]. Although there are certain items in the EEOC's fourth privilege log that the Magistrate Judge held were subject to the deliberative process privilege, this does not mean that Guardsmark only partially prevailed on its Motion to Compel, because these specific items were *not* the subject of the Motion to Compel at the time it was filed. Indeed, Peoplemark did not even know of the existence of these documents, much less ask for them, until after the hearing on the Motion to Compel, when the EEOC served its third privilege log. Even then, Peoplemark was in the dark as to whether the documents had information responsive to the specific discovery requests and, if so, whether the deliberative process privilege even arguably applied, as the documents were only provided to the Judge for *in camera* review. Ultimately, while the Magistrate Judge did not require the EEOC to hand over each and every document identified in the EEOC's privilege log, he nevertheless ordered the production of non-privileged statistical

6

information relevant to the EEOC's claim – precisely the documentation requested in Peoplemark's Motion to Compel, which the EEOC had withheld but will not produce absent an order compelling it to do so.

*2) The EEOC's Objection was not Substantially Justified*

The EEOC's failure to provide data and statistical information in response to Interrogatory No. 8 and to Request for Production Nos. 17 and 23 was not substantially justified. With respect to Interrogatory No. 8, the Magistrate Judge held that none of the objections offered by the EEOC, *i.e.*, that some of the material was privileged, that it would produce the information in the expert's report (which would be produced near the close of discovery) or that the EEOC anticipated Peoplemark might use the information to try and challenge its investigation, justified its failure to produce anything at all. [D.E. 114, at 15]. The Magistrate Judge noted further:

> Throughout this litigation, the EEOC has confused its power to investigate compliance with the law, with its own obligations to abide by the Federal Rules of Civil Procedure when it moves the matter into federal court. If the EEOC has relevant evidence, it must produce this evidence, within the rules. Nor may it withhold compliance with the rules based on its purported fear that the other side may use that evidence improperly.

[D.E. 114, Order, at 15-16]. Thus, there was no legitimate justification for the EEOC's failure to provide any information.

The EEOC likewise unjustifiably withheld unprivileged documents responsive to Request for Production Nos. 17 and 23 – namely the Spreadsheets and the 9/11/06 Memorandum. As discussed in more detail above, other than the self-serving declaration of Mr. Ishimaru, there was no evidence supporting the EEOC's position that the deliberative process privilege applied. [D.E. 114, Order, at 11-12]. Thus, as with the non-privileged information that the Magistrate Judge held the EEOC should have disclosed in response to Interrogatory No. 8, the EEOC was

7

obligated to produce this relevant, non-privileged material upon request. It failed to do so. Instead, despite having an insufficient basis for maintaining that the documents fell under the deliberative process privilege, the EEOC forced Peoplemark to incur the expense of filing a Motion to Compel, appear for a hearing, and review and, in most cases respond, to four different privilege logs. Although the Magistrate Judge held that some of the items in the EEOC's privilege log were protected by privilege, this is immaterial as to whether the EEOC improperly withheld the Spreadsheets and the 9/11/06 Memorandum. Even if the EEOC could legitimately assert a privilege as to some of the documents, that does not mean it could withhold *all* documents. The EEOC was obligated to produce these non-privileged documents, but, absent an order compelling it to do so, it will not produce them despite the lack of a substantial justification.

### III. CONCLUSION

For the reasons set forth above, the Magistrate Judge's Order granting Peoplemark's Motion to Compel should be sustained in its entirety.

Respectfully submitted,

BY: s/Edward R. Young
Tennessee Bar No. 008373
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
First Tennessee Building
165 Madison Avenue, Suite 2000
Memphis, TN 38103
901-577-2341
eyoung@bakerdonelson.com
*Attorney for* PEOPLEMARK, INC.

8

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 25, 2010, the foregoing was served on the parties listed below via electronic mail and first class mail, postage prepaid:

Laurie A. Young
Regional Attorney
Laurie.young@EEOC.gov

Deborah M. Barno (P44525)
Supervisory Trial Attorney
Deborah.barno@EEOC.gov

Omar Weaver (P58861)
Trial Attorney
Omar.weaver@EEOC.gov

Equal Employment Opportunity Commission
Detroit Field Office
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
313-226-3407

s/Edward R. Young