UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.

PEOPLEMARK, INC.,

    Defendant.

Case No. 1:08-cv-907
HON. ROBERT J. JONKER

MAGISTRATE JUDGE
HUGH W. BRENNEMAN, JR.

---

**AFFIDAVIT OF EDWARD R. YOUNG IN SUPPORT OF DEFENDANT'S MOTION
FOR APPELLATE ATTORNEY'S FEES AND EXPENSES**

---

COUNTY OF SHELBY
STATE OF TENNESSEE

    1.    My name is Edward R. Young. I am over the age of 18 years, and I am competent to testify regarding the matters set forth herein. I have personal knowledge of the facts stated and know them to be true and accurate.

    2.    I am the attorney of record for Defendant Peoplemark, Inc. in the above-styled action, and in the appeal of this case to the U.S. Court of Appeals for the Sixth Circuit.

    3.    I am a member in good standing with the State Bar of Tennessee and have been licensed to practice law in Tennessee since 1966. Additional information about my background and experience is attached as <u>Exhibit A</u>.

    4.    I am a Shareholder with the law firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC ("BDBCB"), and bill my time at an hourly rate.

    5.    I was the primary biller on this matter. Over the course of the appeal in this litigation, my standard hourly rate was $400.00. My standard hourly rate is set by my law firm and is based on my experience, training, background, and knowledge. Based on my knowledge, my standard hourly rate is consistent with and within the range of market rates for attorneys of similar experience, skill, and knowledge practicing in the Memphis, Tennessee area.

1

6.  In addition to me, other attorneys and staff from BDBCB worked on the appeal of this lawsuit. I am familiar with the work performed by these individuals and had ultimate responsibility for their work on this case. The work performed was in furtherance of the defense of Peoplemark during this appeal. Those individuals are listed below, along with their position, experience level, hourly rate, and dates worked on the appeal.

| Name | Position | Experience | Hourly Rate | Dates Worked |
|---|---|---|---|---|
| Edward R. Young | Shareholder | Bar Admission: 1966 | $400.00 | April 2012 to March 2014 |
| Robert Williams | Shareholder | Bar Admission: 1974 | $365.00 | April 2012 to July 2012 |
| Imad Abdullah | Associate | Bar Admission: 2005 | $270.00 | April 2012 to December 2012 |
| Emily H. Walker | Associate | Bar Admission: 2009 | $210.00 | May 2012 |
| Kristine L. Roberts | Shareholder | Bar Admission: 2002 (Massachusetts); 2004 (Tennessee) | $360.00 | January 2014 to March 2014 |
| Matthew S. Mulqueen | Associate | Bar Admission: 2009 (Tennessee); 2010 (New York) | $270.00 | February 2014 to March 2014 |

7.  The rates charged by these individual attorneys from BDBCB who worked on this matter are also consistent with and within the range of rates of attorneys of similar experience and reputation in the Memphis, Tennessee area. This case has been litigated for over five years, and the rates charged by the individual attorneys in the chart above have naturally increased over that time.

8.  Every effort was made to keep Peoplemark's fees to a minimum in this case. For example, I did not charge for my travel time, unless, while traveling, I was performing work in connection with this case. I was the only attorney for Peoplemark to appear at oral argument. (The EEOC, by contrast, had several representatives at oral argument.) The matter was staffed with the minimum amount of attorneys necessary for each stage of the appeal. For example, Robert Williams, Imad Abdullah, and Emily Walker assisted in the representation of Peoplemark during the early stages of the appeal, but did not participate in work related to the EEOC's petition for en banc review of the panel's decision. Likewise, Kristine Roberts and Matthew Mulqueen participated in work related to the EEOC's petition for en banc review, but did not participate in work during the initial stages of the appeal. Mr. Adbullah and Ms. Walker left BDBCB prior to the EEOC's petition for en banc review.

9.  A true summary of the total fees and expenses incurred and billed in the appeal of this matter is attached as <u>Exhibit B</u>. The time entries are arranged by timekeeper and are in chronological order. Each time entry contains the amount of time worked and the applicable hourly rate. All time recorded by BDBCB on this matter reflects increments of one-sixth (1/6) of an hour. I have redacted portions of the entries to protect attorney-client privilege and/or work-product doctrine. Based on my review of BDBCB's invoices in this matter, the information on

Exhibit B is accurate, correct, and reflects work performed by BDBCB that was necessary for the representation of Peoplemark in this case.

10. The total fees charged to Peoplemark, Inc. from April 13, 2012 to present are $169,567.00. The total out-of-pocket expenses incurred by Peoplemark, Inc. since April 13, 2012 are $3,001.75. All of these fees and expenses were necessary in defending the judgment on appeal, and all were billed to our firm's client, Peoplemark, Inc. The expenses incurred by Peoplemark, Inc. are the kind of out-of-pocket expenses normally charged to clients by attorneys which are recoverable as part of a statutory award of attorneys' fees under 42 U.S.C. § 2000e-5(k).

11. There are currently fees and expenses that are unbilled. This amount will appear on the next invoice to Peoplemark, Inc. I reserve the right to submit an updated affidavit if and when additional fees and expenses related to the appeal in this case are invoiced to Peoplemark, Inc.

12. I make this Affidavit based upon my personal knowledge and upon the business records of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, as well as the case materials prepared by my firm in the normal course of business. All the items for which recovery is sought are correct and have been necessarily incurred in this case.

13. I am familiar with the factors set out in *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000), and, the twelve factors listed in *Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714 (5th Cir. 1974), cited by the *Adcock-Ladd* court, and, based on those factors, aver that all of the attorney's fees sought by Peoplemark in its Motion, and specifically those attorney's fees related to my work, are reasonable, appropriate and necessary to the proper representation of our client in this case. In support of this position, attached as Exhibit C, is an Affidavit of Edward J. Bardelli, a member of the Bar of the State of Michigan and the Grand Rapids Bar Association, confirming that the hourly rates charged by our firm for the shareholders, associates, paralegals, law clerks and litigation support personnel are reasonable and are within the rates customarily charged by attorneys of similar experience and reputation in the Grand Rapids, Michigan area.

**FURTHER AFFIANT SAYETH NOT.**

Respectfully submitted, this the 1st day of April, 2014.

_____
Edward R. Young (TN # 008373)
Attorney for Defendant

3

Sworn to and subscribed before me this 1st day of April, 2014.

_____
Notary Public

My Commission Expires: 10-18-14

4